IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KYLE E. JAHN<br>   *Plaintiff*,<br><br>v.<br><br>TIFFIN HOLDINGS, INC.,<br>TIFFIN ATHLETIC MATS, LLC,<br>DANIEL TIFFIN,<br>LINDA TIFFIN,<br> and<br>GERALD STRINGER<br>   *Defendants*. | Civil Action No. ELH-18-1782 |

**MEMORANDUM**

On June 18, 2018, plaintiff Kyle E. Jahn filed suit against Tiffin Holdings, Inc.; Tiffin Athletic Mats, LLC; Daniel Tiffin; and Linda Tiffin.[1] ECF 1 ("Complaint"). Plaintiff alleges that defendants willfully and unlawfully failed to compensate him properly for his earned wages. ECF 23, ¶ 1. In particular, plaintiff alleges violations of the following statutes in connection with unpaid minimum wages: the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code (2016 Repl. Vol., 2017 Supp.), §§ 3-501 *et seq.* of the Labor and Employment Article ("L.E."); and the Maryland Wage and Hour Law ("MWHL"), L.E. §§ 3-401 *et seq.* ECF 23, ¶ 2. Plaintiff seeks compensatory and treble damages. *Id.* at 12.

On December 14, 2018, plaintiff filed, with leave of the Court (ECF 22), an amended complaint (ECF 23, "Amended Complaint"), adding Gerald Stringer as a defendant.

---

[1] Hereinafter, because of the common surnames, I shall refer to the individual defendants by their first names.

Plaintiff provided returns of service for all five defendants. ECF 6; ECF 10; ECF 26. Kyle and Linda have responded to the suit. Because Stringer was served on January 31, 2019, he may still timely respond to the suit prior to February 21, 2019. *See* ECF 26. However, defendants Tiffin Holdings, Inc. and Tiffin Athletic Mats, LLC (together, the "Corporate Defendants") did not respond to the suit. *See* Docket. Therefore, pursuant to a request by plaintiff (ECF 14), the Clerk entered a default as to the Corporate Defendants on September 22, 2018. ECF 15.

On October 5, 2018, plaintiff filed a Motion for Entry of Default Judgment (ECF 16, the "Motion") as to the Corporate Defendants, supported by an exhibit. ECF 16-1. The Motion requests entry of judgment against the Corporate Defendants in the amount of $14,640. ECF 16 at 6. In particular, plaintiff seeks the $4,880 in damages for the four weeks of unpaid wages, trebled because the Corporate Defendants have not offered evidence of a bona fide dispute and plaintiff has suffered consequential damages as a result of the lost income. *Id.* at 4-5. In the alternative, plaintiff seeks payment of at least $1,202.50 for the four-week period at the then-applicable minimum wage, trebled to $3,607.50. *Id.*

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I will deny the Motion as premature, and without prejudice.

## I. Legal Standard

Rule 55(b) of the Federal Rules of Civil procedure governs default judgments. In particular, Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation."[2] But, "[a] plaintiff's assertion of a sum in a complaint does not make the sum 'certain' unless the plaintiff claims

---

[2] If the sum is not certain or ascertainable through computation, the court looks to Rule 55(b)(2).

liquidated damages; otherwise the complaint must be supported by affidavit or documentary evidence. *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (Grimm, M.J.).[3]

To be sure, the United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *see Tazco, Inc. v. Director, Office of Workers' Compensation Program,* 895 F. 2d 949, 950 (4th Cir. 1990). But, that policy is not absolute. Default judgment "'is appropriate when the "adversary process has been halted because of an essentially unresponsive party."'" *Entrepreneur Media, Inc. v. JMD Entertainment Group, LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (quoting *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

Upon the entry of default against a party, the court must determine whether the undisputed factual allegations constitute a legitimate cause of action. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *see also* 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2688 (3d ed., 2010 Supp.) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the court is satisfied that liability has been established, it must then determine the appropriate amount of damages. *Ryan*, 253 F.3d at 780-81. Allegations "relating to the amount of damages" are not deemed admitted based on a defendant's failure to respond to a suit. Fed R. Civ. P. 8(b)(6); *see Ryan,* 253 F.3d at 780 ("'[D]efault is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover'") (citation omitted); *Monge*, 751 Supp. 2d at 794; *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*,

---

[3] Judge Grimm now serves as a United States District Judge. He authored *Monge* when he was a United States Magistrate Judge.

DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *1 (W.D. Va. June 30, 2009) ("Upon default judgment, Plaintiff's factual allegations are accepted as true for all purposes excluding determination of damages.").

Rather, the court must make an independent determination regarding allegations as to damages. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999). In so doing, the court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). However, the court may also make a determination of damages without a hearing, so long as there is an adequate evidentiary basis in the record to support an award of the requested damages. *See Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) ("[T]he court may rely on detailed affidavits or documentary evidence to determine the appropriate sum."); *see also Trustees of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.*, ELH-11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011) (determining that, in a case of default judgment against an employer, "the Court may award damages without a hearing if the record supports the damages requested"); *Monge*, 751 F. Supp. 2d at 795 (same); *Pentech Fin. Servs., Inc.*, 2009 WL 1872535, at *2 (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment because plaintiff submitted affidavits and records establishing the amount of damages).

Notably, under Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See In re Genesys Data Techs, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000) ("When a Complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages."). This is

meant to enable the defendant to decide whether to expend the resources to defend the action. *Monge*, 751 F. Supp. 2d at 796.

## II. Discussion

### A. The FLSA

Congress enacted the FLSA in 1938 "to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (quoting 29 U.S.C. § 202(a)) (alterations in *Barrentine*); *see Encino Motorcars, LLC v. Navarro*, ___ U.S. ___, 136 S. Ct. 2117, 2121 (2016); *Morrison v. Cty. of Fairfax, Va.*, 826 F.3d 758, 761 (4th Cir. 2016); *McFeeley v. Jackson Street Entertainment, LLC*, 825 F.3d 235, 240 (4th Cir. 2016). In particular, the FLSA established the "general rule that employers must compensate each employee 'at a rate not less than one and one-half times the regular rate' for all overtime hours that an employee works. The Act defines overtime as employment in excess of forty hours in a single workweek . . . ." *Darveau v. Detecon, Inc.*, 515 F.3d 334, 337 (4th Cir. 2008) (quoting 29 U.S.C. § 207(a)(1)); *see Perez v. Mrtg. Bankers Ass'n*, ___ U.S. ___, 135 S. Ct. 1199, 1204 (2015); *Integrity Staffing Solutions, Inc. v. Busk*, ___ U.S. ___, 135 S. Ct. 513, 516 (2014); *see also Encino Motorcars, LLC v. Navarro*, ___ U.S. ___, 138 S. Ct. 1134, 1138 (2018); *Harbourt v. PPE Casino Resorts Md., LLC*, 820 F.3d 655, 658 (4th Cir. 2016).

Thus, the FLSA is now "best understood as the 'minimum wage/maximum hour law.'" *Trejo v. Ryman Hospitality Properties, Inc.*, 795 F.3d 442, 446 (4th Cir. 2015) (citation omitted); *see United States Dept. of Labor v. Fire & Safety Investigation Consulting Servs., LLC*, ___ F.3d ___, 2019 WL 489055, at *2 (4th Cir. Feb. 8, 2019). In *Monahan v. Cty. of Chesterfield, Virginia*,

95 F.3d 1263, 1266-67 (4th Cir. 1996), the Court said: "The two central themes of the FLSA are its minimum wage and overtime requirements . . . . The FLSA is clearly structured to provide workers with specific minimum protections against excessive work hours and substandard wages." (Internal quotations omitted).

### B. State Statutes

The MWHL is the State's equivalent of the FLSA. *See Newell v.* Runnels, 407 Md. 578, 650 (2009). Generally, the MWHL governs minimum wages and overtime. *See* L.E. §§ 3-413, 3-415, 3-420. It authorizes an employee to bring an action against an employer to recover unpaid wages due under the statute. L.E. § 3-437. *See generally Friolo v. Frankel*, 373 Md. 501, 819 A.2d 354 (2005). The term "wage" is defined as "all compensation that is due to an employee for employment." L.E. § 3-401(d).

The MWPCL, also known as the Wage Act, "sets *specific terms* for payment mandated elsewhere in the Wage and Hour Law." *Campusano v. Lusitano Construction, LLC*, 208 Md. App. 29, 37, 56, 56 A.3d 303 A.2.3d 303, 308 (2012) (emphasis in *Campusano* ). Like the MWHL, the MWPCL provides an employee with the right to bring a civil suit against an employer to recover unpaid wages. *See* L.E. § 3-507.2(a); *Baltimore Harbor Charters, Ltd. v. Ayd*, 365 Md. 366, 382-83, 780 A.2d 303, 312-13 (2001); *Mohiuddin v. Doctor's Billing & Management Solutions, Inc.*, 196 Md. App. 439, 446, 9 A.3d 859, 863 (2010).

The Wage Act "protects employees from wrongful withholding of wages upon termination." *Stevenson v. Branch Banking and Trust Corporation, t/a BB&T*, 159 Md. App. 620, 635, 861 A.2d 735, 743 (2004) (citing L.E. § 3-505). "The principal purpose of the Act 'was to provide a vehicle for employees to collect, and an incentive for employers to pay, back wages.'" *Medex v. McCabe*, 372 Md. 28, 39, 811 A.2d 297, 304 (2002) (citation omitted). The

Wage Act does not focus on "the amount of wages payable but rather the duty to pay whatever wages are due on a regular basis and to pay all that is due following termination of the employment." *Friolo*, 373 Md. at 513, 819 A.2d at 362.

The term "wage" includes commissions, bonuses when they are compensation for services and not a gratuity, and work-related incentive fees. L.E. § 3-501(c)(2); *see Medex*, 372 Md. at 35-37, 811 A.2d at 302; *Whiting-Turner v. Fitzpatrick*, 366 Md. 295, 306, 783 A.2d 667, 673 (2001). If "a court finds that an employer withheld the wages of an employee in violation of [the MWPCL] and not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs." L.E. § 3-507.1(b).

### C. Default Judgment as to Only Two Parties

Plaintiff seeks default judgment against the Corporate Defendants. ECF 16. Final judgment can be entered as to one of multiple defendants if the court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). But, an order or decision "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.*

Plaintiff's Motion does not address the implications of granting a default judgment as to only two of the five defendants. This omission is of concern, in light of the principles articulated in *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872).

In *Frow*, the plaintiff alleged that multiple defendants, including Frow, conspired to defraud him of land. 82 U.S. (15 Wall.) at 553. Frow failed to answer the complaint and the lower court entered a final decree against him. *Id.* Meanwhile, the other defendants answered the complaint and prevailed on the merits. *Id.* When the case reached the United States Supreme

Court, Justice Bradley described this inconsistent result as "unseemly and absurd." *Id.* at 554. The Court said that, ordinarily, in order to avoid the risk of inconsistent judgments in a multi-defendant case, the proper course "is simply to enter a default" against the defaulting party, and to "proceed with the cause upon the answers of the other defendants." *Id.*; *see also* 10A Wright and Miller § 2690 ("As a general rule . . . , when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."); *accord United States ex rel. Hudson v. Peerless Ins. Co.,* 374 F.2d 942, 944 (4th Cir. 1967); *Mullins v. River Docks, Corp.*, 791 F. Supp. 2d 511, 512 (E.D. Va. 2011); *Carter v. Rosenberg,* AMD-04-759, 2005 WL 782923, at *4 (D. Md. Apr. 7, 2005).

To be sure, subsequent case law has recognized that *Frow*'s holding is limited to situations alleging "joint and/or several" liability, or at least "'closely related'" liability. *Hudson*, 374 F.2d at 944-45 (citation omitted). To illustrate, if "the nondefaulting defendant's defense is a personal one—infancy, for example—and would not be available to the defaulting defendant," the *Frow* rule would not apply. 10A Wright and Miller § 2690; *see Whelan v. Abell,* 953 F.2d 663, 674-75 (D.C. Cir. 1992) (stating that *Frow* doctrine pertains "when liability is truly joint—that is, when the theory of recovery requires that all defendants be found liable if any one of them is liable—and when the relief sought can only be effective if judgment is granted against all"); *Int'l Controls Corp. v. Vesco,* 535 F.2d 742, 746-47 n.4 (2d Cir. 1976) ("[A]t most, *Frow* controls in situations where the liability of one defendant necessarily depends upon the liability of the others."), *cert. denied,* 434 U.S. 1014 (1978). *See generally Phoenix Renovation Corp. v. Gulf Coast Software, Inc.,* 197 F.R.D. 580, 582-83 (E.D. Va. 2000) (reviewing cases).

The Amended Complaint alleges that all five defendants are liable under the three statutes. *See* ECF 23. It alleges that they willfully and unlawfully failed to compensate plaintiff for his earned wages. *Id.* ¶ 85. It also asserts that "[b]oth corporate Defendants act directly or indirectly in the interests of each other, as well as for Defendants Daniel Tiffin, Linda Tiffin, and/or Gerald Stringer." *Id.* ¶ 27. As a result, if the allegations in the Amended Complaint are true, each of the five defendants are jointly and severally liable. *See Joe Hand Promotions, Inc. v. Angry Ales, Inc.*, No. CIV. 3:06-CV-73, 2007 WL 3226451, at *4 (W.D.N.C. Oct. 29, 2007); *J & J Sports Prods., Inc. v. Benson*, CV-06-1119-CPS, 2007 WL 951872, at *7 (E.D.N.Y. Mar. 27, 2007).

As a result, at this stage it is inappropriate to grant a default judgment against the Corporate Defendants, given that case is still pending as to Daniel, Linda, and Stringer. *See* Fed. R. Civ. Pro. 54(b).

### III. Conclusion

For the reasons discussed, I shall DENY the Motion as premature, and without prejudice to plaintiff's right to renew it at the appropriate time. An Order follows.

Date: February 13, 2019

/s/
Ellen Lipton Hollander
United States District Judge